PHILLIP A. TALBERT
Acting United States Attorney
LAURA JEAN BERGER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>TRACEY JACKSON,<br><br>                Defendant. | CASE NO. 1:19-CR-00247-NONE-SKO<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME; FINDINGS AND ORDER<br><br>DATE: April 21, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for status conference on April 21, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7). The Government's position is that although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). [2] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,*

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in

2    time").

3                                          **STIPULATION**

4         Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5    through defendant's counsel of record, hereby stipulate as follows:

6         1.        By previous order, this matter was set for status on April 21, 2021.

7         2.        By this stipulation, the parties now move to continue the status conference until May 19,

8    2021, and to exclude time between April 21, 2021, and May 19, 2021, under 18 U.S.C. § 3161(h)(7)(A),

9    B(iv).

10        3.        The parties agree and stipulate, and request that the Court find the following:

11             a)       The government has provided all discovery in this case.  This discovery has been

12   either produced directly to counsel and/or made available for inspection and copying.

13             b)       Counsel for defendant desires additional time to further review discovery, discuss

14   potential resolution with her client and the government, and investigate and prepare for trial.

15             c)       The government has provided a proposed plea agreement, and as a consequence,

16   the parties also need time to review discovery in light of the proposed plea agreement,

17   warranting a continuance.

18             d)       Counsel for defendant believes that failure to grant the above-requested

19   continuance would deny her the reasonable time necessary for effective preparation, taking into

20   account the exercise of due diligence.

21             e)       The government does not object to the continuance.

22             f)       Based on the above-stated findings, the ends of justice served by continuing the

23   case as requested outweigh the interest of the public and the defendant in a trial within the

24   original date prescribed by the Speedy Trial Act.

25             g)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

26   et seq., within which trial must commence, the time period of April 21, 2021 to May 19, 2021,

27   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results

28   from a continuance granted by the Court at the parties' request on the basis of the Court's finding

that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  April 14, 2021                                      PHILLIP A. TALBERT
                                                           Acting United States Attorney


                                                           /s/ LAURA JEAN BERGER
                                                           LAURA JEAN BERGER
                                                           Assistant United States Attorney


Dated:  April 14, 2021                                      /s/ CHRISTINA CORCORAN
                                                           CHRISTINA CORCORAN
                                                           Counsel for Defendant
                                                           TRACEY JACKSON


**FINDINGS AND ORDER**


IT IS SO ORDERED.

Dated:   **April 14, 2021**                        /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE